| | |
|---|---|
| PHILIP H. DYSON, Esq.<br>State Bar No. 097528<br>8461 La Mesa Boulevard<br>La Mesa, California 91942<br>(619) 462-3311<br><br>Attorney for Plaintiff | FILED<br><br>11 AUG 23 PM 4:14<br><br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br><br>BY:  DEPUTY |

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD GRINGO, LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br>vs.<br><br>INTERNATIONAL IMPORTS, Inc., a Texas Corporation, GUILLERMO A. MASSO, an individual, ALEX MASSO, an individual and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No. 11CV1908 IEG JMA<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>INJUNCTIVE AND OTHER RELIEF FOR (1) FEDERAL UNFAIR COMPETITION (LANHAM ACT 15 U.S.C. SEC. 1225(a); (2) STATE UNFAIR COMPETITION ACT AND FALSE ADVERTISING (CAL. BUS. AND PROF. CODE SEC. 17200 AND 17500 et. seq.); and (3) COMMON LAW UNFAIR COMPETITION<br><br>JURY TRIAL REQUESTED |

Plaintiff Old Gringo, LLC ("Old Gringo") complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. Sec. 1225 et seq., and has jurisdiction under California law.

2. This Court has personal jurisdiction over Defendants because Defendants have directly and purposefully placed their products in the stream of interstate commerce, thus conducting business within the State of California, and committed the acts of unfair competition that have given rise to this action in this district. Defendants have established minimum contacts with the forum such that the exercise of jurisdiction over them would not



offend traditional notions of fair play and substantial justice.

3. Venue is proper in this district under 28 U.S.C. Sec. 1391 and 1400 because a substantial part of the events of omissions giving rise to the claims asserted herein occurred or had effects in this district, and because Defendants reside in this district for purposes of 28 U.S.S. Sec. 1391(b)(10) and because Defendants conduct business in this district, including among other things, selling the knock off and copy produces in this district, and are subject to personal jurisdiction in this district.

4. At all relevant times mentioned herein, Old Gringo was and is a California limited liability company with its principal office located at San Diego County and was, and is, doing business in San Diego County, California. Old Gringo is the successor-in-interest to Old Gringo, LP, and Old Gringo, Incorporated. Old Gringo has its principal place of business in this district located at 683 Marsat Court, Suite, "A", Chula Vista, CA 91911.

5. At all relevant times mentioned herein, Defendant, International Imports, Inc., is a Texas corporation, with its principal place of business located at 2110 S. U.S. Highway 281, Edinburge, Texas 78539.

6. On information and belief, International Imports, Inc. has conducted business between various states and in states beyond Texas, including Nevada. Thus, the business activities of the Defendants that are the subject of this Complaint are directly within the flow of, and substantially affected, interstate trade and commerce.

## BACKGROUND

7. Old Gringo is in the business of manufacturing, licencing, designing, marketing, distributing, importing, promoting and selling high-end boots and leather goods. Old Gringo's boots and leather goods are hand made and designed in Laredo, Mexico. Old Gringo has a long time reputation as an innovative, high fashion designer of speciality Cowboy boots, and western wear. Old Gringo boots are sold on the web on its own web-site and on sites such as "Zappos.com" and in speciality boutiques and stores. Old Gringo boots are not sold in mass market stores or department stores.

///

8. International Imports is in the business of manufacturing, licencing, designing, marketing, importing, distributing and selling rubber clothing and footwear and wholesale shoes.

9. Guillermo A. Masso, an individual, is the registered owner of International Imports and is also registered as President of International Imports.

10. Old Gringo, which has been in business for more than ten years, has built its business good will and reputation based on its fine workmanship, specialty styling and cowboy and western ware focus. Old Gringo's boots are unique and highly distinctive.

11. Old Gringo has designed and manufactured a series of distinctive handcrafted embroidered boots, with unique stitched patterns and detail. The boots are named as follows: "Grace,""Milagros" and "Taka Stud." The boots were manufactured in Old Gringo's factory and Old Gringo has shipped said boots to speciality boutiques in the western United States.

12. As a result of Old Gringo's design, production, manufacture, marking and promoting, these distinct boots became a popular sensation, and have been some of Old Gringo's best sellers.

13. Said boots have become widely known and recognized in this district and elsewhere as emanating from and authorized by Old Gringo. Old Gringo's boot styles are a work of art and all of Old Gringo's artwork is owned and licenced and distributed only by Old Gringo.

14. In or about August 2011, Old Gringo attended a tradeshow in Las Vegas, Nevada, for the purpose of selling, marketing and advertising its products, including the three above-referenced designs. During the course of the tradeshow, Old Gringo became aware of International Imports, Inc. and the fact that it was producing, selling and marketing boots nearly identical in nature to the three designs referenced above. Defendant Alex Masso is the individual present at said tradeshow conducting said activities on behalf of International Imports, Inc.

///

## DEFENDANT'S WRONGFUL ACTS

15. Upon information and belief, International Imports is involved in the importation, manufacture, marketing, distribution and offering for sale and/or sale of rubber clothing and footwear and whole sale shoes in various states.

16. Upon information and belief, International Imports has been manufacturing, importing, marketing, distributing and offering for sale and/or selling an embroidered boot which is a copy or knock-off of Old Gringo's "Grace," "Milagros," and "Taka Stud" boots which, upon information and belief were designed and manufactured well after the initial design of Old Gringo's boots.

17. Defendants have manufactured, imported, marketed, advertised and sold the boots to profit from the demand that Old Gringo created for the three specific designs. On information and belief, Defendants' boots are of lesser quality than Old Gringo's genuine Defendants' boots are of lesser quality than Old Gringo's genuine boots and are sold at significantly lower price points than the Old Gringo genuine boots. The presence of Defendants' knock-off boots in the marketplace diminishes and is likely to continue to diminish the exclusivity of Old Gringo's genuine "Grace," "Milagros" and "Taka Stud" boots, thereby dissuading potential customers who otherwise would have sought the genuine boots to purchase. Old Gringo is informed and believes and herein alleges that this deception has mislead and confused purchasers to buy Defendants' knock off or copy boots and/or has misled and confused non-purchasers to believe that Defendants' knock off boots emanate from and or are authorized by Old Gringo.

18. Upon information and belief, Defendants' acts constitute unfair competition and false designation of origin.

19. Upon information and belief, Old Gringo has sustained and will continue to sustain damages as a result of Defendants' wrongful conduct.

20. As a direct and proximate result of Defendants' actions as alleged herein, Old Gringo has sustained and will continue to sustain damages. Old Gringo has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause

by their conduct. Old Gringo will continue to suffer irreparable damages and harm to its reputations and good will and sustain lost profits until Defendants' actions as alleged above are enjoined.

## FIRST CLAIM FOR RELIEF

**Federal Unfair Competition (Lanham Act Sec. 43 U.S. C. Sec. 1125(a)**

21. Old Gringo hereby re-alleges and incorporates the allegations set forth in paragraphs 1-20 above as if fully set forth at length.

22. Defendants are direct competitors of Old Gringo in the footwear market. Defendants' sale of its knock-off copy boot falsely suggests association or affiliation with, or authorization or approval from, Old Gringo, which misleads, confuses or deceives, and is likely to cause confusion, deception and/or mistake as to the association or affiliation of Defendants International Imports, Inc. and Old Gringo.

23. Defendants' conduct is actionable pursuant to 15 U.S. C. Sec. 1125(a). Defendants have profited and continue to profit from their unlawful activities. Unless Defendants' conduct is enjoined, Old Gringo and its goodwill and reputation will continue to suffer irreparable injury, which cannot be adequately calculated or compensated solely by money damages. Accordingly, Old Gringo seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. Sec. 1116.

24. Defendants' practices have been willful and, as such, Old Gringo is entitled to damages pursuant to 15 U.S. C. Sec.1117(a), including Defendants' profits, and/or Old Gringo's actual damages and/or costs of this action. Old Gringo is further entitled to attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

**Unfair Competition under California Law**

**(Cal. Bus. And Prof. Code Sec. 17200 and 17500 et. seq.)**

25. Old Gringo hereby re-alleges and incorporates the allegations set forth in paragraphs 1-24 above as if fully set forth at length.

///

26. Defendants are a direct competitor of Old Gringo in the footwear market. Defendants' sale of their knock-off copy boots falsely suggests association or affiliation with, or authorization or approval from, Old Gringo, which misleads, confuses or deceives the public. Accordingly, Defendants are in violation of the California Unfair Business Practices Act, codified under Cal. Bus. And Prof. Code Sec. 17200 and 17500 et. seq.

27. Unless the forgoing alleged actions of Defendants are enjoined, Old Gringo will continue to, and does continue to suffer injury and damage.

## THIRD CLAIM FOR RELIEF

### Unfair Competition Common Law of California

28. Old Gringo hereby re-alleges and incorporates the allegations set forth in paragraphs 1-27 above as if fully set forth at length.

29. The acts of Defendants complained of herein constitute unfair business practices and unfair competition and are in violation of the common law of California.

30. As a result of the forgoing alleged actions, Defendants have been unjustly enriched and Old Gringo has been damaged and injured. Unless the forgoing alleged actions of Defendants are enjoined, Old Gringo will continue to suffer injury and damage.

**WHEREFORE, Plaintiff prays for judgment against Defendants and for the following relief:**

1. A judgment in favor of Old Gringo on all counts ;

2. That this Court adjudge and decree that Defendants have engaged in unfair competition in violation of federal, state and common law;

3. That this Court award to Plaintiff such damages as it shall prove at trial against Defendants that are adequate to compensate Old Gringo for said unfair competition, and awarding to Plaintiff all of the profits realized by Defendants, or others acting in concert or participation with them, from Defendants' unauthorized unfair competition;

4. That Plaintiff recover disgorgement of revenues and profits from Defendants;

5. That Plaintiff recover damages from Defendants for their common law unfair competition;

6. That this court award to Plaintiff reasonable attorney's fees as required or authorized by statute or law according to proof;

7. For costs and fees of this suit;

8. For other relief the Court deems necessary, or equitable.

Dated: August 23, 2011

PHILIP H. DYSON
Attorney for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
OLD GRINGO, LLC a California limited liability company

**DEFENDANTS** INTERNATIONAL IMPORTS, INC., a Texas Corporation, GUILLERMO A. MASSO, an individual, ALEX MASSO, an individual and DOES 1 to 10, inclusive

(b) County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Edinburg
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PHILIP H. DYSON, ESQ.  619-462-3311
8461 La Mesa Blvd., La Mesa, CA 91942

Attorneys (If Known)

**11CV1908 IEG JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | | |
| | | ☐ 510 Motions to Vacate Sentence | | |
| | | **Habeas Corpus:** | | |
| | | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | **PERSONAL INJURY** | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | |
| | ☐ 365 Personal Injury - Product Liability | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |
| | ☐ 368 Asbestos Personal Injury Product Liability | | | |
| | **PERSONAL PROPERTY** | | | |
| | ☐ 370 Other Fraud | | | |
| | ☐ 371 Truth in Lending | | | |
| | ☐ 380 Other Personal Property Damage | | | |
| | ☐ 385 Property Damage Product Liability | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
43 U.S.C. 1125
Brief description of cause:
Unfair competition; false advertising

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE  08/23/11
SIGNATURE OF ATTORNEY OF RECORD
PHILIP H. DYSON, ESQ.

**FOR OFFICE USE ONLY**
RECEIPT # 29666  AMOUNT $350  APPLYING IFP ___ 8/23/11  JUDGE _____ MAG. JUDGE _____

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS029666
Cashier ID: kdelabar
Transaction Date: 08/23/2011
Payer Name: PHILLIP DYSON
---------------------------------
CIVIL FILING FEE
 For: OL GRINGO V. INTL IMPORTS
 Case/Party: D-CAS-3-11-CV-001908-001
 Amount:         $350.00
---------------------------------
CHECK
 Check/Money Order Num: 23874
 Amt Tendered:   $350.00
---------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```