# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD GRINGO, LLC, a California limited liability company,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>INTERNATIONAL IMPORTS, INC., a Texas corporation; GUILLERMO A. MASSO, an individual; ALEX MASSO, an individual; DOES 1 to 10, inclusive,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 11-cv-1908 – IEG (JMA)<br><br>ORDER:<br><br>(1) GRANTING MOTION TO DISMISS [Doc. No. 4]; and<br><br>(2) TRANSFERRING CASE TO SOUTHERN DISTRICT OF TEXAS. |

　　　This is an action for trade dress infringement and related claims based on Defendant International Imports, Inc.'s alleged sale of boots that infringe upon Plaintiff Old Gringo, LLC's three styles of boots. Currently before the Court is International Imports's motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer the case to the Southern District of Texas. Having consider the parties' arguments, and for the reasons set forth below, the Court **GRANTS** the motion and **ORDERS** that this case be transferred to the Southern District of Texas because personal jurisdiction is lacking and venue is improper in this district.

## BACKGROUND

　　　Old Gringo is in the business of manufacturing, licensing, designing, marketing, distributing, promoting, and selling high-end boots and leather goods. Old Gringo distributes the boots from San Diego, California, among other locations. Its boots are advertised and sold on

1  many high-visited web sites and are sold in specialty boutiques and shoes stores, but not in mass
2  market stores or department stores. According to Old Gringo, three of its most popular designs
3  and best sellers are boots titled: "Grace," "Milagros," and "'Taka Stud."

4  Old Gringo alleges that in August 2011, it attended a trade show in Las Vegas, Nevada,
5  where it became aware that International Imports was producing, marketing, and selling boots
6  nearly identical in nature to the three designs referenced above.

7  International Imports is a Texas company that sells a variety of boots, including three
8  product lines that are alleged to infringe Old Gringo's trade dress. International Imports operates
9  exclusively from its main office in Edinburg, Texas, which is in the Southern District of Texas,
10 and has no offices, employees, or sales force in California. It does, however, occasionally fill shoe
11 orders from purchasers in California, but such orders represented less than 1% of its 2011 revenues
12 and none were orders for boots. Beyond that, International Imports is not registered to do business
13 in California, holds no business license or any other license in California, and has no registered
14 agent for service of process in California. It owns no real or personal property in California and
15 maintains no bank accounts in California. It has no website and does not promote its products
16 online or advertise in California. It has never paid taxes in California.

17 Old Gringo commenced this action on August 23, 2011, alleging unfair competition in
18 violation of the Lanham Act, the California Business and Professional Code, and the California
19 common law. [Doc. No. 1.] In response, International Imports filed the present motion, seeking to
20 dismiss the action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction
21 and Rule 12(b)(3) for improper venue. [Doc. No. 4.] In the alternative, International Imports
22 seeks to have this case transferred to the Southern District of Texas under 28 U.S.C. §§ 1404(a) or
23 1406(a). Old Gringo filed a late opposition, and International Imports filed a reply. The Court
24 finds the motion suitable for disposition without oral argument. *See* Civ. L.R. 7.1(d)(1).

25 **DISCUSSION**
26 **I.     Personal jurisdiction**
27 International Imports moves to dismiss the case for want of personal jurisdiction. *See* Fed.
28 R. Civ. P. 12(b)(2). Where, as here, there is no applicable federal statute governing personal

jurisdiction, the Court applies the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). For a court to exercise personal jurisdiction over a nonresident defendant consistent with federal due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

In opposing International Imports's motion to dismiss for lack of personal jurisdiction, Old Gringo bears the burden of establishing that jurisdiction is proper. *See Mavrix Photo*, 647 F.3d at 1223. Where, as here, the motion is based on written materials rather than an evidentiary hearing, Old Gringo "need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* Old Gringo cannot "'simply rest on the bare allegations of its complaint,'" but "uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted).

A.   General jurisdiction

Old Gringo first asserts that California has general personal jurisdiction over International Imports. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). For general jurisdiction to exist, the defendant must engage in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801. As such, something

1  more than a showing of "occasional" sales to forum residents is necessary to establish general
2  jurisdiction over a nonresident defendant. *See Helicopteros*, 466 U.S. at 418 ("[M]ere purchases,
3  even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam
4  jurisdiction over a nonresident corporation in a cause of action not related to those purchase
5  transactions."); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (concluding that
6  occasional sales to California residents were insufficient to create general jurisdiction);
7  *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) (noting that
8  even presence of a substantial sales force within the forum is not sufficient for the forum to assert
9  general jurisdiction over a nonresident defendant as to an unrelated cause of action).

10      In this case, International Imports's contacts with California are not so extensive that it is
11 subject to general jurisdiction. The only contacts that Old Gringo can point to are International
12 Imports's occasional sales to purchasers in California. (*See* Pl. Mem. of P.&A. ISO of Opp. to
13 Def. Motion to Dismiss, at 4 [Doc. No. 6].) However, those sales amounted to less than 1% of
14 International Imports's 2011 revenues. (Masso Decl. ¶ 12 [Doc. NO. 4-2.].) And none of those
15 sales were for boots. (*Id.*) Besides those sales, International Imports has no offices or employees
16 in California, is not registered to do business in California, has no registered agent for service of
17 process in California, has no sales force in California, maintains no bank accounts in California,
18 and has not paid taxes in California. (*Id.* ¶¶ 6-10.) Viewed in this light, International Imports's
19 occasional sales to purchasers in California fall well short of the "continuous and systematic"
20 contacts that the Supreme Court and the Ninth Circuit have held to constitute sufficient "presence"
21 to warrant the exercise of general personal jurisdiction. *See, e.g.*, *Helicopteros*, 466 U.S. at 416
22 (no general jurisdiction over a foreign corporation that, over seven years, purchased approximately
23 80% of its helicopter fleet from the forum for a substantial sum and sent its personnel to the forum
24 for training and consultation); *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir. 1984) (no
25 general jurisdiction over doctors despite a significant number of patients in forum, use of forum's
26 medical insurance system, and a telephone directory listing that reached forum).

27      Old Gringo has therefore failed to establish a prima facie case of general jurisdiction.
28 ///

B.  Specific jurisdiction

Old Gringo next asserts that California has specific jurisdiction over International Imports. The Court analyzes a claim of specific personal jurisdiction under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Old Gringo bears the burden of satisfying the first two prongs. *Id.* The burden then shifts to International Imports to "'present a compelling case'" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Old Gringo's argument fails at the second prong, which requires that its claim be one which arises out of or relates to International Imports's forum-related activities. The Ninth Circuit follows the "'but for'" test in determining forum-related conduct. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (citation omitted). In this case, Old Gringo alleges that the forum-related conduct is International Imports's occasional sale to purchasers in California of products other than the infringing boots. (*See* Pl. Mem. of P.&A. ISO of Opp. to Def. Motion to Dismiss, at 5-6; *see also* Masso Decl. ¶ 12 (declaring that none of the California sales involved boots).) However, Old Gringo cannot show that it would not have suffered the alleged injury in California "but for" these sales. The harm Old Gringo seeks to remedy is the diminishment in the value of its three product lines due to International Imports's sale of the infringing boots. (*See* Compl. ¶ 17.) International Imports's sale of *other products* in California has no effect on this diminishment of value. Thus, Old Gringo failed to show that its claims arise out of or relate to the forum-related conduct.

Old Gringo's claims would fail even if it relied on International Imports's out-of-state sale and showcasing of the infringing boots as the relevant forum-related conduct. Where an act is performed in another state, the plaintiff must demonstrate purposeful direction by the defendant.

*See Schwarzenegger*, 374 F.3d at 803 ("[D]ue process permits the exercise of personal jurisdiction over a defendant who 'purposefully directs' his activities at residents of a forum, even in the 'absence of physical contacts' with the forum." (quoting *Burger King*, 471 U.S. at 476)). The Ninth Circuit analyzes purposeful direction under the three-part "*Calder*-effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). *See Fiore v. Walden*, 657 F.3d 838, 848 (9th Cir. 2011). Under the *Calder*-effects test, "the defendant allegedly must have (a) committed an intentional act, (b) expressly aimed at the forum state, (c) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citation and internal quotation marks omitted).

There is no doubt that International Imports committed an intentional act in showcasing and selling the allegedly infringing boots in other states. However, Old Gringo's claims fail under the second part of the *Calder*-effects test, which requires that the nonresident defendant expressly aim its conduct at the forum state. To satisfy the express aiming requirement, there must be some "'individual targeting' of forum residents." *Id.* at 849 (citing cases). Mere foreseeability that there will be an impact on individuals in the forum is not sufficient. *Id.* (citing cases). In this case, there is nothing to establish that International Imports "expressly aimed" its conduct at California. *See Schwarzenegger*, 374 F.3d at 799-800, 807 (no express aiming in an Ohio car dealership's unauthorized use of Schwarzenegger's photograph in local advertisements, none of which were circulated in California, even though the advertisements may have had forum effects such as diminished compensation due to the "over-saturation" of Schwarzenegger's image). The fact that Old Gringo might have felt the harm in California is a "mere foreseeability" and is insufficient to satisfy the second part of the *Calder*-effects test.[1] *See Fiore*, 657 F.3d at 849; *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156-58 (9th Cir. 2006) (no express aiming at California in U.K. citizen's use of the name "Pebble Beach," even if it could be shown that he was aware of the golf course by that name in California); *Schwarzenegger*, 374 F.3d at 807.

Because Old Gringo's claims do not arise out of or relate to International Imports's conduct in California, and because Old Gringo failed to demonstrate that any out-of-state conduct

---

[1] Because Old Gringo has failed to sustain its burden with respect to the second part of the *Calder*-effects test, the Court need not reach the third part of the test. *See Schwarzenegger*, 374 F.3d at 807 n.1.

was expressly aimed at California, it failed to establish a prima facie case of specific jurisdiction.

**II.     Venue**

      A.     <u>Venue is improper in the Southern District of California.</u>

International Imports also moves the Court to dismiss or transfer the case for improper venue under Federal Rule of Civil Procedure 12(b)(3). Where, as here, jurisdiction is not founded solely on diversity of citizenship, venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Court can dismiss any case that is filed in the wrong district or division, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In this case, the venue is not proper in the Southern District of California. For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Because there is no personal jurisdiction over International Imports in California, it does not reside in the Southern District of California for venue purposes. Moreover, because all of the allegedly infringing activity occurred either in Texas (where the boots were manufactured and sold) or in Nevada (where the boots were showcased), Southern District of California is not one "in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(2). Finally, as noted below, because the Court also determines that there *is* a district where this action could have otherwise been brought, the part of § 1391(b) dealing with "a judicial district in which any defendant may be found" is not applicable. *See* 28 U.S.C. § 1391(b)(3).

Accordingly, the venue is improper in the Southern District of California.

      B.     <u>The action should be transferred to the Southern District of Texas.</u>

Where venue is improper, the Court can either dismiss the case, or "if it be in the interest of justice," transfer it to any district in which it could have been brought. 28 U.S.C. § 1406(a). Here, the present action could have been brought in the Southern District of Texas. First, Texas can

1  properly exercise personal jurisdiction over International Imports because: (1) International
2  Imports is a Texas corporation with its principal place of business in Texas; and (2) the allegedly
3  infringing boots were manufactured and sold in Texas. *See International Shoe*, 326 U.S. at 317
4  ("'Presence' in the state in this sense has never been doubted when the activities of the corporation
5  there have not only been continuous and systematic, but also give rise to the liabilities sued on,
6  even though no consent to be sued or authorization to an agent to accept service of process has
7  been given."). Second, venue is proper in the Southern District of Texas because International
8  Imports is subject to personal jurisdiction there, and thus "resides" there, and because a substantial
9  part of the events giving rise to the claims occurred there. *See* 28 U.S.C. § 1391(b)(1), (b)(2), (c).
10 Finally, transferring this case to the Southern District of Texas would be in the interests of justice
11 because it would facilitate a decision on the merits and avoid the unnecessary expenditure of
12 judicial and parties' resources involved in having the case re-filed in Texas. *See Goldlawr, Inc. v.*
13 *Heiman*, 369 U.S. 463, 466-67 (1962) (noting that § 1406(a) is guided by the interest in promoting
14 "an expeditious and orderly adjudication of cases and controversies on their merits" and avoiding
15 "'time-consuming and justice-defeating technicalities'" (citation omitted)).

## CONCLUSION

17 For the foregoing reasons, there is no personal jurisdiction over International Imports in
18 California and the venue is improper in the Southern District of California. However, because this
19 suit could have been brought in the Southern District of Texas, the Court believes it is in the
20 interests of justice to transfer the case to that district. *See* 28 U.S.C. § 1406(a).

21 Accordingly, the Court **GRANTS** International Imports's motion and **ORDERS** the Clerk
22 of Court to transfer this case to the Southern District of Texas.

23 **IT IS SO ORDERED.**

25 **Date: November 30, 2011**

26                                            **IRMA E. GONZALEZ, Chief Judge**
                                           **United States District Court**